**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAWN MATTHEWS**, individually and on behalf of all others similarly situated, | **)** | Case No. |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | **CLASS ACTION COMPLAINT** |
| vs. | **)** | |
| | **)** | **JURY DEMAND** |
| **WAYFAIR LLC,** | **)** | **ENDORSED HEREON** |
| | **)** | |
| Defendant. | **)** | |

Named Plaintiff Shawn Matthews ("Named Plaintiff"), on behalf of himself and others similarly situated, for his class action Complaint against Defendant Wayfair LLC ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges certain policies and practices of Defendant that violate the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*

2. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the IMWL and IWPCA on behalf of himself and on behalf of other similarly situated employees employed by Defendant in Illinois.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant Wayfair LLC because Defendant has purposefully availed itself of the privileges of conducting activities in Illinois and established minimum contracts sufficient to confer jurisdiction. Specifically, Defendant does business in Illinois, maintains offices in Illinois, advertises in Illinois, markets to Illinois consumers, and employes Illinois residents. The violation so flaw forming the basis of this action also occurred in

Illinois. The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Finally, Defendant has registered to do business in Illinois and maintains a registered against for service of process in Illinois. As a result, Defendant Wayfair LLC has consented to personal jurisdiction in Illinois.

4. This Court has subject matter jurisdiction over Named Plaintiff's state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this Court has original jurisdiction over Named Plaintiff's Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000.00, and because Named Plaintiff and Defendant are citizens of different states – specifically, Named Plaintiff is a citizen of Illinois and, upon information and belief, Defendant is a citizen of Delaware, and Massachusetts. Moreover, the number of proposed Class Members in Illinois is believed to exceed 100 individuals.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District and Defendant conducted substantial business in this District.

### PARTIES

#### A. Named Plaintiff

6. Named Plaintiff Shawn Matthews is an adult individual residing in Joliet, Illinois.

7. Named Plaintiff was employed by Defendant from approximately March, 2025, until approximately December, 2025, as an hourly, non-exempt employee. Specifically, Named Plaintiff was employed by Defendant as an hourly warehouse associate and forklift operator in Romeoville, Illinois.

8. At all relevant times, Named Plaintiff and other similarly situated employees were "employees" within the meaning of the IMWL, 820 ILCS §105/3, and the IWPCA, 820 ILCS §115/2.

**B. Defendant**

9. Defendant Wayfair LLC, is a for-profit Delaware limited liability company with headquarters at 4 Copley Place, 7th Floor, Boston, MA 02116. Defendant can be served through its registered statutory agent: CT Corporation System, 208 SO LaSalle St, Suite 814, Chicago, IL 60604-1101.

10. At all relevant times, Defendant was an "employer" of Named Plaintiff and those similarly situated employees within the meaning of the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

## FACTUAL ALLEGATIONS

**A. Defendant failed to pay Named Plaintiff and the Rule 23 Class Members for all time worked, resulting in unpaid overtime.**

11. Defendant offers consumers throughout the country home décor products for purchase via its website or mobile application.[1]

12. At all relevant times, Named Plaintiff and other similarly situated employees worked for Defendant as hourly, non-exempt employees in Defendant's warehouse and distribution centers located in Illinois.

13. During their employment with Defendant, Named Plaintiff and other similarly situated employees regularly worked forty (40) or more hours per workweek.

---

[1] *See* https://www.wayfair.com/ (last visited 6/24/2026).

14. At all relevant times, Defendant maintained a timekeeping and payroll practice of only paying employees from their scheduled shift start time to their scheduled shift end time. Pursuant to his practice, the actual time Named Plaintiff and those similarly situated began work and ended work was not recorded or paid as hours worked; instead, Defendant rounded employees' time punches so that employees were only paid from their scheduled shift start time to their scheduled shift end time.

15. As a result of Defendant's rounding practices, Named Plaintiff and other similarly situated employees were not paid for all time actually worked, including time worked before and after their rounded time entries.

16. Named Plaintiff and other similarly situated employees who worked for Defendant in Illinois regularly clocked-in and began performing work for Defendant before their scheduled shift start time, and clocked-out after their scheduled shift end time.

17. Under Illinois law, the time Named Plaintiff and other similarly situated employees spent performing work before and after their shifts is compensable and should have been paid by Defendant. *See Johnson v. Amazon.com Services LLC,* 2026 IL 132016.

18. The Illinois Supreme Court in *Johnson v. Amazon.com Services LLC*, reiterated that the Illinois Department of Labor defined "hours worked" to include all time an employee is mandated to be on the premises.

19. Pursuant to the Illinois Supreme Court's decision in *Johnson v. Amazon.com Services LLC,* the off-the-clock pre- and post-shift work Named Plaintiff and other similarly situated employees performed at Defendant's facilities, along with unpaid walking and waiting time, was compensable work time.

20. At all relevant times, Named Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek for Defendant.

21. As a result of Defendant's policy and practice of only paying employees from their shift start time to their shift end time, Defendant failed to pay Named Plaintiff and other similarly situated employees for all hours worked, including all hours worked in excess of forty (40) in a workweek at the rate of one and one half-times their properly calculated regular rate, in violation of the IMWL and IWPCA.

22. At all relevant times, Defendant was fully aware of the fact that it was legally required to pay for all working hours, including overtime compensation, by Illinois law.

23. Defendant knowingly and willfully engaged in the above-mentioned violations of Illinois law.

### Defendant's Recordkeeping Violations

24. Illinois law requires Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 820 ILCS 105/8, § 8.

25. For example, Illinois law requires employers to make and keep true and accurate records of the name, address and occupation of each of its employees, the rate of pay and amount paid each pay period to each employee, and the hours worked each day in each work week by each employee. *See* 820 ILCS 105/8, § 8.

26. Defendant kept records of some hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

27. However, because of Defendant's policy of not paying for all compensable time described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day Named Plaintiff and other similarly situated employees.

28. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded compensable time worked. Defendant's failure to correctly classify such time as compensable hours worked had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

29. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the IMWL and IWPCA, and violated the IMWL's recordkeeping requirements.

## RULE 23 CLASS ACTION ALLEGATIONS BROUGHT UNDER THE ILLINOIS MINIMUM WAGE LAW

30. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Illinois, which are defined as:

> **All current and former hourly, non-exempt employees of Defendant in Illinois, including temporary employees as applicable, who were subject to Defendant's rounding practices, and who worked forty (40) or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint through the final disposition of this matter ("Rule 23 Overtime Class" or "Rule 23 Overtime Class Members").**

31. The Rule 23 Overtime Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown, but is estimated to exceed one hundred (100) individuals. The exact number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant Illinois law.

6

32. There are questions of law or fact common to the Rule 23 Overtime Class Members including whether Defendant failed to timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked, as well as all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly calculated regular rate as a result of Defendant's failure to compensate Named Plaintiff and other similarly situated employees for time spent performing compensable pre- and post-shift work.

33. The questions of law or fact that are common to the Rule 23 Overtime Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Rule 23 Overtime Class Members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

34. Named Plaintiff's claims are typical of the claims of the Rule 23 Overtime Class Members. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Rule 23 Overtime Class Members.

35. Named Plaintiff and the Rule 23 Overtime Class Members have all been injured in that they have not been timely compensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies and practices described herein affected the Rule 23 Overtime Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Rule 23 Overtime Class.

36. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 Overtime Class. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of the Rule 23 Overtime Class.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring the Rule 23 Overtime Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### RULE 23 CLASS ACTION ALLEGATIONS BROUGHT UNDER THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

38. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Illinois, which are defined as:

> **All current and former hourly, non-exempt employees of Defendant in Illinois, including temporary employees as applicable, who were subject to Defendant's rounding practices, and who worked forty (40) or more hours during any workweek at any time from ten (10) years preceding the filing of this Complaint through the final disposition of this matter ("Rule 23 IWPCA Class" or "Rule 23 IWPCA Class").**

39. The Rule 23 IWPCA Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown, but is estimated to exceed one hundred (100) individuals. The exact number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant Illinois law.

40. There are questions of law or fact common to the Rule 23 IWPCA Class Members including whether Defendant failed to timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked, as well as all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly

calculated regular rate as a result of Defendant's failure to compensate Named Plaintiff and other similarly situated employees for time spent performing compensable pre- and post-shift work.

41. The questions of law or fact that are common to the Rule 23 IWPCA Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Rule 23 IWPCA Class Members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

42. Named Plaintiff's claims are typical of the claims of the Rule 23 IWPCA Class Members. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Rule 23 IWPCA Class Members.

43. Named Plaintiff and the Rule 23 IWPCA Class Members have all been injured in that they have not been timely compensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies and practices described herein affected the Rule 23 IWPCA Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Rule 23 IWPCA Class.

44. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 IWPCA Class. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of the Rule 23 IWPCA Class.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring the Rule 23 IWPCA Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they

9

would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

46. The Rule 23 Overtime Class and the Rule 23 IWPCA Class will collectively be referred to as the "Rule 23 Classes".

<u>**COUNT ONE**</u>
**(Illinois Overtime Violations)**

47. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Named Plaintiff brings this claim for violation of the IMWL, on behalf of himself and all members of the Rule 23 Overtime Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

49. Named Plaintiff and the Rule 23 Overtime Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the IMWL.

50. The IMWL requires employers to pay their employees minimum wages for all hours worked, and overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week. *See* 820 Ill. Comp. Stat. 105/4 and 4a.

51. Named Plaintiff and the Rule 23 Overtime Class Members were not paid for all time worked because of Defendant's rounding practices, which excluded compensable pre- and post-shift work from Named Plaintiff's and the Rule 23 Overtime Class Members' hours worked.

52. At all relevant times, Named Plaintiff and the Rule 23 Overtime Class Members regularly worked forty (40) or more hours per workweek for Defendant.

53. Defendant's practice and policy of not paying Named Plaintiff and the Rule 23 Overtime Class Members for all time worked resulted in Defendant's failure to pay Named Plaintiff and the

Rule 23 Overtime Class Members overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) per workweek.

54. Named Plaintiff and the Rule 23 Overtime Class Members were not paid lawful overtime compensation of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek, resulting in violations of Illinois law.

55. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the Rule 23 Overtime Class Members for all hours worked, and all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

56. As a result of Defendant's policies and practices stated herein, Defendant failed to pay Named Plaintiff and the Rule 23 Overtime Class Members all overtime compensation earned at a rate of not less than one and one-half times their regular rates of pay in violation of the IMWL.

57. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the IMWL.

58. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the Rule 23 Overtime Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

59. As a result of Defendant's violations of the IMWL, Named Plaintiff and the Rule 23 Overtime Class Members were injured in that they did not receive all wages earned, including overtime compensation due to them pursuant to Illinois' wage and hour laws.

11

## COUNT TWO
### (Illinois Wage Payment and Collection Act Violations)

60. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. The IWPCA, 820 ILCS 115/4, provides that "[a]ll wages earned by an employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned. All wages earned by an employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

62. Named Plaintiff brings this claim for violation of the IWPCA, on behalf of himself and all members of the Rule 23 IWPCA Class.

63. Named Plaintiff and the Rule 23 IWPCA Class Members were not paid for all time worked because of Defendant's rounding practices, which excluded compensable pre- and post-shift work from Named Plaintiff's and the Rule 23 IWPCA Class Members' hours worked.

64. As a result of Defendant's policies and practices stated herein, Named Plaintiff and the Rule 23 IWPCA Class Members were not timely paid all wages earned within the time periods required by the IWPCA. This resulted in Named Plaintiff and the Rule 23 IWPCA Class Members not receiving all wages that they earned and were entitled to receive under Illinois law.

65. The exact total amount of overtime compensation that Defendant failed to pay Named Plaintiff and the Rule 23 IWPCA Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

66. Defendant's failure to pay all wages due under the IWPCA to Named Plaintiff and the Rule 23 IWPCA Class Members entitles them to the unpaid wages and "damages of 5% of the amount

of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." IWPCA, 820 ILCS 115/14.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff, individually and on behalf of others similarly situated, respectfully requests that this Honorable Court:

A.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the members of the Rule 23 Classes;

B.  Enter judgment against Defendant and in favor of Named Plaintiff and the members of the Rule 23 Classes;

C.  Award Named Plaintiff and the members of the Rule 23 Classes actual damages for unpaid wages, including overtime wages plus all statutory penalties and enhancements permitted by law;

D.  Award Named Plaintiff and the members of the Rule 23 Classes, as liquidated damages, an amount equal to five per cent (5%) of the amount of underpayments for each month following the date of underpayments, as provided by the IMWL and IWPCA;

E.  Award Named Plaintiff and the members of the Rule 23 Classes pre-judgment and post-judgment interest at the statutory rate;

F.  Award Named Plaintiff and the members of the Rule 23 Classes all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

G.  Award Named Plaintiff and the members of the Rule 23 Classes any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES LEGAL GROUP LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (OH Bar 0086195)
Jay E. Krasovec (OH Bar 0069787)*
Nicholas A. Boggs (OH Bar 0102430)*
700 W. St. Clair Ave., Suite 320
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
        jkrasovec@ohlaborlaw.com
        nboggs@ohlaborlaw.com

Hans A. Nilges (OH Bar 0076017)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*\*Pro hac vice admission anticipated*

*Counsel for Named Plaintiff*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Named Plaintiff*

14